IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, ILLINOIS LABORERS' & CONTRACTING TRAINING TRUST FUND, MIDWEST REGION FOR FAIR CONTRACTING, CENTRAL ILLINOIS LABORERS' EMPLOYERS' COOPERATION EDUCATION TRUST (LECET), CENTRAL ILLINOIS WORKING DUES FUND, DISTRICT COUNCIL DUES FUND, VACATION FUND and LABORERS' LOCAL NOS. 152 and 477, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 13-3290 |
| RUNKEL CONCRETE CONTRACTORS, INC., | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court is the Motion of Defendant Runkel Concrete Contractors, Inc. to Dismiss for Lack of Subject Matter Jurisdiction.

The Plaintiffs' Complaint purports to bring this action pursuant to the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*, as amended, and in particular 29 U.S.C. § 1145.

Citing *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72 (1982) the Defendant asserts that Congress did not implicitly repeal the antitrust laws, the labor laws, and any other statute which might be raised as a defense to a provision in a collective bargaining agreement requiring an employer to contribute to a pension fund. *See id*. at 82. In *Kaiser*, the United States Supreme Court considered "whether a coal producer, when it is sued on its promise to contribute to union welfare funds based on its purchases of coal from producers not under contract with the union, is entitled to plead and have adjudicated a defense that the promise is illegal under the antitrust and labor laws." *Id*. at 74.

The basis of the Defendant's reliance on *Kaiser* is unclear. As the Plaintiffs allege, there is no assertion by the Defendant that the contracts between the Defendant and applicable unions and/or the Plaintiff Funds are illegal. Moreover, the Defendant asserts no defenses related to antitrust or labor laws.

In any event, a pension fund is similar to a "holder in due course in commercial law" and may "enforce the writing without regard to understandings or defenses applicable to the original parties." *See Central States, Southeast and Southwest Areas Pension Fund v. Gerber*, 870 F.2d 1148, 1149 (7th Cir. 1989).

The Seventh Circuit suggested the rationale for the rule in *Gerber* was to ensure that employers adhered to their obligations, explaining:

> We grounded our rule in several policy considerations, some of which were revealed in congressional hearings on Section 515. Among the considerations Congress expressed was the high cost of collecting delinquent contributions, including the cost of litigation concerning claims and defenses unrelated to the employer's promise to pay. In order to remedy this problem, Section 515 makes employer's promises enforceable "to the extent not inconsistent with law." Anything less, we reasoned, could saddle plans with unfunded obligations, because the plans are obliged to cover the employees under the terms of the

participation agreements regardless of whether the employers make appropriate contributions.

*Cent. States, Southeast and Southwest Areas Pension Fund v. Transport, Inc.*, 183 F.3d 623, 628 (7th Cir. 1999).

Based on the foregoing, the Court concludes that Plaintiff Funds may enforce their Participation Agreements with the Defendant without considering any understandings or defenses applicable to the original parties. Given this authority, the Defendant's allegation that Illinois law applies lacks merit.

Additionally, ERISA provides a federal cause of action for liquidated damages as alleged in the Plaintiffs' Complaint. *See* 29 U.S.C. § 1132(g)(2)(C)(ii). The Seventh Circuit has held that if the provisions of ERISA are inapplicable to the interpretation of ERISA plans, then the claims are adjudicated under federal common law and not state common law. *See Operating Engineers Local 139 Health Benefit Fund, et al. v. Gustafson Construction Corporation*, 258 F.3d 645, 654-55 (7th Cir. 2001).

Because the Plaintiff Funds are ERISA multi-employer employee benefits alleging that Defendant failed to remit contributions in a timely

manner as required in the agreements and liquidated damages are owed as a percentage of the contributions, the Court concludes that federal common law–and not Illinois common law–applies. Accordingly, there is a federal question.

The Defendant alleges that the Court lacks jurisdiction over the subject matter because the dispute concerns only liquidated damages, which it contends is entirely based on Illinois law. *See Energy Plus Consulting, LLC v. Illinois Fuel Co., LLC*, 371 F.3d 907, 909 (7th Cir. 2004) ("Whether a contractual provision is a valid liquidated damages clause or an unenforceable penalty clause is a question of state law."). The case relied on by the Defendant was a breach of contract action and not an ERISA case. *See id*. at 907-08. Accordingly, *Energy Plus* is inapposite.

Additionally, the Labor Management Relations Act expressly provides for federal jurisdiction of lawsuits determining contract disputes between an employer and a labor organization. *See* 29 U.S.C. § 185(a).

For the foregoing reasons, when the allegations of the Complaint are taken as true for purposes of the Defendant's Motion, the Court concludes

that Plaintiffs have sufficiently alleged the existence of subject matter jurisdiction.

Ergo, the Defendant's Motion to Dismiss for Lack of Jurisdiction [d/e 6] is DENIED.

This action is referred to United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

ENTER: November 14, 2013

    FOR THE COURT:

*s/Richard Mills*
Richard Mills
United States District Judge